MABEL PEASLEE *vs.* THE THOMAS SMILEY COMPANY.

Androscoggin County. Decided April 15, 1927. For about six months in the year 1925 the plaintiff was employed in the Portland store of the defendant, having charge of one department. Her wages fixed by agreement at twenty dollars per week were paid in full.

She contends however that, in addition, she is entitled to a commission of one per cent upon the sales made in her department during her employment and that such commission amounts to $150.70. For this she brought the pending suit and recovered a verdict of $152.20, apparently the commission claimed plus interest.

The contract of employment was made orally at an interview in Portland between the plaintiff in person and the defendant represented by Mr. Smiley, Proprietor, and Mr. Grant, Superintendent.

From the plaintiff's own explicit testimony these facts appear: At the time of her employment she asked for twenty-five dollars per week. The defendant's representative refused to pay this amount. They offered twenty dollars per week. She accepted their offer and went to work. Neither at this time nor subsequently during her employment was anything said by either party about a commission on department sales.

The plaintiff's claim for such commission was based upon an interview with Mr. Grant, had a week or two earlier. The plaintiff testifies that at such interview Mr. Grant responded affirmatively when she asked him "if he paid the usual one per cent buyer's commission."

It is not contended that the plaintiff was employed at this time. No wages were then agreed upon. No contract was made. Mr. Grant's account of the interview was quite different.

But assuming the plaintiff's version to be true, there is nothing in the evidence to justify a finding that when the contract of employment was closed the parties mutually intended that the plaintiff was to receive in addition to the wages then definitely agreed upon, a commission on department sales.

Other circumstances appearing in evidence tend to support this conclusion. But the issue being purely one of fact it is unnecessary to prolong this opinion by a discussion of such evidence.

Included in the declaration is a further claim of about fifteen dollars bonus upon sales made by the plaintiff in person. Apparently the jury did not allow this item. Motion sustained. New trial granted. *Louis J. Brann,* for plaintiff. *Walter M. Tapley, Jr.,* for defendant.